The next case today, number 221670, Angel A. Perales-Munoz, et al. v. United States. Will attorney for appellant please come up and introduce yourself on the record to begin? Good morning, your honors. For the record, Guillermo Ramos-Luiño on behalf of the appellants. If I may, I would like to reserve three minutes for rebuttal. Yes, you may. Three minutes. Yeah. Thank you. This is the court. The central issue in this appeal is whether the district court heard in ruling that the Posse Comitatus Act was not violated in this particular case and that the discretionary function exception of the Federal Torts of Denmark barred the instant action. In ruling against the appellants on both those issues, the court below looked at Army Regulation 195-2, which interestingly enough was amended, or there are three separate versions of that Army Regulation during the pertinent time frame of this case. Remember that according to the allegations of the complaint, this criminal investigation started in 2007 and eventually concluded with the filing of the criminal charges against my client in 2015, which were subsequently dismissed in 2017. During the relevant period 2007-2015, which was the time that the investigation was conducted, three separate regulations were enforced, the 1985, the 2009, and the 2014 regulations. The initial regulation, the 1985 version, did not provide jurisdiction over the National Guard by the Criminal Investigation Command of the Army. The 2009 regulation did, but all three regulations in Section 3.1 established the limits of the CID's investigatory authority. Can I just understand the significance of this? There's this Army interest, but an Army interest exists. That's where it defines Army interest, yes. Section 3, that's one of the regulations. What is the significance of you pointing out this point about the National Guard? I want to make sure I understand it. Well, because separate military forces and the way that Army interest is defined in the regulation is very specific. We respectfully submit that given the fact that this is a civilian that is being the target of the investigation, the interpretation of Army interest must be very restrictive precisely because of the longstanding principles that embody the Post-Executivist Act that shows a strong aversion of allowing military into civilian affairs. That's why we respectfully submit that it has to be restrictively construed that what is an Army interest. I'm sorry. You were going to ask a question? I'm just trying to understand is the – just help me with the facts and the timing. So if the government's theory is there was an Army interest, are you suggesting that because of the change in the regulations you mentioned regarding National Guard, there was a period in which the case for making it an Army interest was weaker and then it became somewhat stronger? Well, there was no Army interest, at least with the National Guard, during the first years of the investigation until the CID was provided jurisdiction over National Guard matters. But I guess it would be that there was no jurisdiction whatsoever in that initial portion of the investigation. And in that initial portion, independent of any interest regarding the National Guard, might there have been an Army interest? And the answer to that question is no when you look at the six different categories of what the regulation considers an Army interest. But then they say those are non-exhaustive, don't they? They say that those are not exhaustive. Those are illustrative. They are. But the report below focused on two of those particular instances, on two of those examples of Army interests, subsections three and four of section 3-1 of the regulation. And those two particular examples pertain to when there is a DoD civilian employee or a DoD contractor who has committed an offense in connection with his or her assigned contractual duties. And we don't have either a DoD civilian employer nor a DoD contractor. We have an independent contractor who worked for a contractor, a private company, that administered the program, the recruitment assistance program for the National Guard. The last question is vain. The government makes the contention, and I just wanted to figure out how you think we should think about this, that it's a non-existent list of factors that the statutory test is Army interest and that they are exercising a discretionary function in assessing whether it's an Army interest based on all the facts. I take it you say that's wrong. Correct. And I think you're saying that's wrong as a legal matter, that the question of whether it's an Army interest and the decision as to whether it is is not a discretionary decision. Is that the thrust of your argument? Yes, because it goes to jurisdiction. The way we understand the exception is that the employee must have jurisdiction to act in that particular matter. And if it does not, then the discretionary function exemption does not apply. Fact-based assessments of whether it's within or without the Army interest are, although they look a lot like the types of things we generally say are discretionary decisions, because they're concerning the boundary line between an Army interest and a non-Army interest, you're saying that's just a jurisdictional determination, so it's inherently not discretionary. Correct. Do you have case law that supports you on that position? Well, you know, we have cited case law to that effect. For example, Red Lake ban would be – But in Red Lake, is it just saying if something's outside your jurisdiction, it's out, versus when the question of whether it's within the jurisdiction is basically a mixed question of fact law that requires some factual judgment, the assessment of that might be a discretionary determination. That's what I'm really looking for. Does Red Lake address that issue? Well, we have not found any specific – Anything that really addresses that issue? That's a very specific point, Your Honor. What we have is the case law that states that's not a proposition. Without jurisdiction, there cannot be any discretionary function. But you think that's a fair statement of what the issue is in this case? I'm sorry? That you think that's a fair statement of what the issue is. In other words, we're dealing with conceitedly a mixed fact law question about the boundary between Army interest and not. And the question is should we treat that as a discretionary determination in its own right or we treat that as a jurisdictional judgment about which they get no discretion in making? I would say the latter. Okay, and could you just say why that must be – why you think that follows and why that has to be the answer? The way I read the exception, Your Honor, you know, the purpose of the discretionary function exception is to afford employees that are working within the realm of their duties and responsibilities latitude to conduct their business. But if they don't have it, then there's no discretionary function. I mean, it's sort of – this is a little bit maybe far afield, but in agency discretionary judgments like FCC versus City of Arlington, when we're – this was before Chevron was overruled and local right, but we often thought of the agencies of having some discretion to assess the margins of their authority. And I guess why wouldn't that be somewhat true here? To say that a person is acting outside the scope of their duty and trying to figure out the limits of their duties is not intuitive. Do you see what I'm saying? I understand. Every day I'm trying to figure out what can I do and what I'm not supposed to do, and I feel like I have some discretion in doing it. That's like my job as a judge. Do you see what I'm saying? And I wonder if that's not implicit in the FTCA scheme. But I think we're beyond that point because the facts of this case pertain to the investigation that was in fact conducted exclusively by the CID law enforcement agencies. Remember, this is not – they're not working in conjunction or assisting civilian law enforcement agencies. So that is a very important point. And the fact of the matter is that my client was charged criminally because of that investigation. So taking your point, assuming that there was some discretion in the agents in determining whether they do or do not have jurisdiction, that's beside the point because if, legally speaking, they did not have it, then they had no business in promoting the criminal charges that my client suffered. Can I just ask you a more narrow question? What is the significance of your conjugal partnership administrative exhaustion argument? If you were to prevail on the discretionary function exception, does it matter for us? In what sense? I don't follow. Well, I guess do we need to decide that portion of your argument? But I don't really grasp your question. Do we need to decide the discretionary function since there's an exhaustion issue concerning conjugal partnership? There's an exhaustion issue? Because of the conjugal partnership. Oh, the conjugal partnership. But that's a separate issue. But I think the thrust of the question is it's also a showstopper if you can't get past it. Well, no, because that only pertains to a portion of the claim. Only the economic damages are, you know, on the Puerto Rico law, the conjugal partnership owns the assets of both spouses. Independent of that. It's independent. There's a separate plane of bringing the claim independent of that. Right, right. And can that other person not get all the damages of the partnership? No, because the partnership only gets the economic aspect of the damages, not the mental pain and anguish, which is personal. So it would only limit the claim for the $30,000 in attorney's fees that are being claimed as damages for having forced my client to undergo his defense in the criminal law. So one way or another, we have to reach the discretionary function exception to at least a portion of the appeal. That is correct. Even if you were to rule that the conjugal partnership did not exhaust, you would still have to rule on the central issue. Yes. Thank you, Counsel. Will Attorney for Apolice please introduce yourself on the record to begin? Good morning, Your Honors. May it please the Court, Stephen Myers on behalf of the United States. The district court properly dismissed this case under the FTCA's discretionary function exception. And I think there are just a few points I want to highlight this morning. The first is the basic rule, which I take to be undisputed, which is that investigatory decisions as a general matter fall within the discretionary function exception. The second is that plaintiff hasn't actually specified what conduct actually was outside of the CID agent's discretion or jurisdiction. And that matters for a couple of reasons. It matters because this court has said repeatedly that it's plaintiff's burden to plead specific facts showing that the discretionary function exception doesn't apply. And it matters because under federal law, this is 10 U.S.C. Section 271, the military is expressly permitted to share things that it learns in the course of ordinary military operations with civilian authorities. And so there is no allegation squarely before this court that anything more than that happened here. And the third point I want to make is that even if that weren't true, even if there were a square allegation with respect to particular conduct, it's again, I think, undisputed that the Posse Comitatus Act doesn't bar some degree of military involvement where there is an independent military purpose. Now, in counsel's opening argument- Is that the same point as the Army interest or a different point? So I think it's a very closely related question. The issue of an Army interest arises under Army Regulation 1952, which is separate from but related to the Posse Comitatus Act. And so one thing I would just say at threshold- And what is just the relationship between those two things? So as I understand it, the Posse Comitatus Act is the federal statute. It's been on the books for 150 years. There are DOD regulations that apply military-wide that implement it. And then Army Regulation 195-2 is an Army document specifically that sets out Army policy on criminal investigations. And so even if there were greater reach under Posse Comitatus under DOD is that the government chose to exercise the regulation on what's at the boundaries of the authority, they actually can exercise lawfully. Or is that wrong? No, I think that's generally fair. But an Army interest is what we should be focused on. So, so, no. And let me try to explain why. If you look at the district court's R&R, in this case at the report and recommendation, there is- I forget if it's Section A or Section 1, but there's a block of analysis that considers the Posse Comitatus Act and the regulations issued there under. There is then a separate block of the report and recommendation all about Army Regulation 195-2. That's reproduced at pages 9 through 12 of the addendum. If the court goes and looks at the objections to the report and recommendation, there is nothing about Army Regulation 195-2. So we would just submit that that issue has been forfeited in this court. So that's way, but I just want to make sure I understand it. It's a cascade of limitations. The Posse Comitatus, DOD regulations, Army regulations. The most narrow being Army regulations, the most specific. And so putting aside waiver or whatever, that would be the one that would be the most rigorous limitation on the Army's ability. And so that's the one you would focus on when figuring this out, what the limits are and who you can investigate. It's certainly the one that the council has chosen to focus on this morning. As I said, unlike in district court. But let me talk about Army Regulation 195-2. This whole issue with what the regulation said in 1985 versus what it said in 2009 I think is a sideshow. And that's because the language that plaintiffs are referring to is about the service status of the investigators. It's talking about who the document binds. It has nothing to do with what they can investigate once they're doing the investigating. Aren't they making it – just so I get the structure of the argument, if we put that aside, we still have the question of Army interest. Their assertion is this was outside the scope of Army interest. That's the assertion, yes. I take it the government's first level response is if that's what you're saying, you don't have any facts to support it.  So even on your theory of the world in which that would be a jurisdictional limitation and therefore the discretionary function couldn't apply, you haven't met your burden of demonstrating facts that could support the conclusion. I think that's sort of, as I can see, the bucket one of our argument. Like tell us what we did that's illegal. Bucket two is assuming we don't buy that, there's enough factual assertion there for them to be saying there was no Army interest. Here, therefore, it's outside the discretionary function exception because this is a jurisdictional limitation. The government's second level contention seems to be something like the determination of whether it's within the Army interest is itself a discretionary function. So I'm not sure if I'd call that like bucket two or bucket three, but I want to make sure we're not losing – It's another bucket. But I just want to make clear there's clearly a bucket of like, of course there is an independent military interest. We're going to get to that. Sure, okay. Then if the court turns to that issue first, then yes. I think the question under this court's cases is something to the effect of like whether a federal statute, regulation, or policy specifically instructed federal officials to follow a specified course of action. Does that mean – I'm sorry, go ahead, Judge Barrett. Does that mean there's never a case where it's so – what they do is so beyond who they're investigating that there'd be no limitation because you can just say, well, that was our discretionary choice? No, I don't think the court needs to go that far. The reason – you just shifted. I think the thrust of their point, and maybe it's just a characterization question, what they're suggesting is our cases that fall within the proposition you just cited are cases in which there's an instruction to do something or not do something, prohibition on certain activity or not. Their contention is this is a jurisdictional question about the authority that they have from the get-go, not what can they do within the authorities they have, but that they have no authority at all. And their contention is with respect to that question, the Bork decision from the D.C. Circuit suggests that's outside the discretionary function exception because that's not something you have discretion about. You just have no authority at all. You're saying to us, if I understand it, well, the line between those two things is not as sharp as you think.  And there's some discretion to determine whether you have the jurisdiction. I think that's right. You referenced earlier the FCC versus City of Arlington case. Yeah, but you didn't have a – do you have anything that supports that proposition? I think we've been relying generally on this court's cases, you know, setting out – Yeah, but those cases just don't deal with the jurisdictional point. And I guess the question is do we just say there is – I mean, the D.C. Circuit draws a line between jurisdictional cases and non-jurisdictional cases, correct? We haven't quibbled with that characterization of the D.C. Circuit. So then the second level question is when we're dealing with a jurisdictional case and you haven't quibbled that this is one, do we then import our case law about discretionary case-by-case decision-making to the assessment of whether there's jurisdiction? You don't cite anything for the proposition we should. You assert that we should. Is there any case law suggesting that we should? And what would be the logic of letting that happen? So we haven't cited, as best I recall, a First Circuit case. I don't think you cited any case. That talks about, you know, how sort of jurisdictional limitations work as opposed to other limitations. Yeah, that's what I'm asking. No, and I take the point. I think we are relying on, as I said, sort of the general proposition that to get out from under the FTCA it needs to be, you know, a specific limitation. And our sort of basic point in this case is that wherever that line falls, like this case is just so far on the other side of it. And if I could try to talk about, you know, what I guess is bucket three. The Army National Guard, right, is a reserve component of the United States Army. This is a program that was created at a time when the Army and the reserves were having enormous recruiting difficulties, you know, following the deployment of soldiers in the Middle East for years. And it just seems, I think, really quite plain that there is, of course, a military interest in making sure that military recruiting programs work the way that they're supposed to. This is not a case, you know, like the Dreyer case from the Ninth Circuit that plaintiffs rely on, where there is just a sort of general sting operation to go find individuals in the state of Washington who might have child pornography on their computers. This was, you know, an investigation into why a military recruiting program wasn't working the way that it was supposed to. In connection with that, is the word target of the investigation of any significance? How is it that they emphasize he was the target of the investigation? And I take it the way you're characterizing it, we just look at the investigation and the purposes of it. And anybody who's investigated in the course of it, in any sense, it's kind of irrelevant whether they were the target, whether they were thought to be just an important link in the chain to get the target, et cetera. I think, you know, we're a little bit hamstrung here by the absence of sort of specific allegations as to what happened, and so it's a little bit difficult to answer that question. In that regard, though, I would just make two, I think, related points. One is that there was, in fact, jurisdictional discovery on the discretionary function issue. The district court authorized that. And so to the extent that, you know, everything we're talking about this morning feels a little bit vague and unsatisfying, I think it is largely because plaintiff failed to develop the record in district court that was his burden to develop under this court's cases. The second is that counsel has repeatedly suggested, both in the briefs and this morning, that the investigation was exclusively performed by the CID. We pointed out in our brief that the Secret Service actually led the investigation, and whether that's judicially noticeable or not, it's certainly true that plaintiff was only arrested after he was indicted by a civilian grand jury, you know, and prosecuted before an article 3 judge. I'm happy to briefly talk about the conjugal partnership issue if the court wants to hear about it. I think we basically agree the court doesn't need to reach it if it dismisses on discretionary function grounds. If nothing else, we ask that the court be adjourned. Thank you, Counsel. Will Attorney for Appellant please reintroduce yourself on the record? You have a three-minute rebuttal. Guillermo Ramon Reina for the record again. I would just like to highlight two points. First, Army Regulation 185-2 in Section 319 specifically, and I quote, states, nothing in this regulation purports to authorize any action that would constitute a violation of the Posse Comitatus Act. The regulation recognizes that the Posse Comitatus Act places boundaries on what the CID agents could or could not do. And as to the lack of, reported lack of factual content, we respectfully direct Your Honor's attention to pages 14 and 15 of our main brief where we quote extensively from the various allegations in the complaint where we specifically bring the factual content that we submit creates or vouches for our position that these agents were acting without jurisdiction at the time of the investigation of my client. If there are no further questions that you would like me to address, I would submit the rest of my arguments from the briefs. Thank you. Thank you, Counsel. That concludes arguments in this case.